IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANZ PAUL CLAUDEL JULES | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. AMD-05-1900 |
| | | |
| WARDEN STEVEN R. WILLIAMS and | * | |
| CPT. PAULA KAIN | | |
| Defendants | * | |
| | *** | |

MEMORANDUM

Plaintiff is an Immigration and Customs Enforcement ("ICE") detainee housed at the Dorchester County Detention Center ("DCDC") in Cambridge, Maryland. On or about June 29, 2005, he filed this 42 U.S.C. § 1983 civil rights complaint for injunctive relief and damages, claiming that upon his arrival at DCDC on October 22, 2004, he was informed by Cpt. Kane[1] that he could only retain "a fraction of" his legal documents. Paper No. 1. Plaintiff claims Cpt. Kane allowed him to select some documents for retention, but balked when he selected his trial exhibits and transcripts, docket entries, police reports, and case law. *Id*. at Attachment. He asserts that he was given his case law materials and a few other papers, but Cpt. Kane did not permit him to keep his transcripts because "they were too much paper."[2] *Id*. Plaintiff alleges that as a result of the defendants' acts and omissions he could not prepare for his collateral review proceeding in the Circuit Court for Montgomery County, Maryland, and his post-conviction petition was denied.

On September 27, 2005, defendants filed a motion to dismiss or in the alternative motion for summary judgment. Paper No. 7. Plaintiff filed his opposition and defendants filed their reply.

---

[1] The docket shall be amended to reflect the correct spelling of the name of this defendant.

[2] Plaintiff claims that he filed a number of request and grievance forms, which were ultimately denied for "security reasons." Paper No. 1. He alleges that because Warden Williams informed him that he could make a request for a specific item if needed, he asked Cpt. Kane for some of his legal documents, but none of his subsequent verbal requests or written grievances were granted.

Paper Nos. 9-11. The complaint is ready for this court's consideration and may be determined without oral hearing. *See* Local Rule 105.6. (D. Md. 2004).

(i)

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to particular acts or practices. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

> Rule 56 of the Federal Rules of Civil Procedure provides that:
>
> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In this case, it is plaintiff's responsibility as the non-moving party to respond to the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

(ii)

Plaintiff is a citizen of Haiti who was arrested and convicted of a drug offense in the Circuit Court for Montgomery County in 2001. Plaintiff is currently an ICE detainee who was transferred to the DCDC on October 22, 2004, and assigned to the maximum security unit. He maintains that when he arrived at DCDC he had his legal papers in one large trash bag. Cpt. Kane affirms that when plaintiff was initially processed for admission to DCDC he had several boxes of papers with him. She asserts that due to the volume of legal materials it was determined that there would be insufficient space in his cell to store his legal papers. Cpt. Kane acknowledges informing plaintiff that he would have to select which legal papers he needed to have with him and that the other legal papers would be placed in storage. She states that plaintiff reviewed his legal papers, selected certain documents for retention, and that the remaining papers were placed in the inmate property room. Plaintiff claims he was told he could not retain his transcripts, letters from the Office of the Public Defender, and medical records showing his height and weight.

The materials before the court also show that plaintiff's numerous requests for access to the DCDC law library were routinely approved. On April 8, 2005, plaintiff made a request to access his legal papers stored in the property room. He was asked to particularize his request and, after additional information was received on or about April 15, 2005, the legal papers were removed from storage and provided to Warden Williams, who then sat with plaintiff while plaintiff personally reviewed his documents and selected the materials he needed. Afterwards, plaintiff was allowed to bring those papers back with him to his cell.[3]

---

[3] In his opposition, plaintiff complains that while certain legal documents were brought for his review in April 2005, requested criminal docket entries and a criminal hearing transcript were not in the documents delivered for his examination.

Plaintiff's post-conviction petition hearing, at which he was represented by counsel, was held in the Circuit Court for Montgomery County on May 11, 2005, and his petition was subsequently denied.

(iii)

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified *Bounds* in holding that a deprivation of an inmate's right of access to the courts is actionable but only where the inmate is able to demonstrate actual injury from such deprivation. *Id*. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 353. Rather, the *Lewis* Court concluded that *Bounds* stood essentially for the proposition that inmates are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355.

The gravamen of plaintiff's complaint is that his Fourteenth Amendment rights were violated because defendants would not allow him to retain his trial transcripts. There is no dispute that plaintiff initially filed a pro se post-conviction petition in September 2003 and was subsequently appointed counsel on post-conviction review and met with counsel on at least one occasion.[4] Further, not only was he provided access to the law library to conduct research, but he was permitted to review his stored legal documents on a rotating basis upon making a particularized request. At

---

[4] In Maryland, a petitioner who cannot afford to retain counsel to raise a collateral attack on his conviction is entitled to appointed counsel at the initial post-conviction proceeding. *See* Md. Code. Ann., Art. 27A, § 4. Plaintiff does not dispute that he proceeded with post-conviction counsel.

bottom, plaintiff had access to a law library, his legal materials, and his post-conviction attorney. Plainly, plaintiff's access-to-court claim fails for a myriad of reasons, but primarily because he cannot establish a nexus between the DCDC policy of rotating his access to his legal documents and his alleged harm-- the denial of post-conviction relief.[5]

(iv)

For the aforementioned reasons, the court concludes that the plaintiff has failed to rebut the materials in the record in order to project a Fourteenth Amendment deprivation. Defendants' motion to dismiss or for summary judgment, treated as a summary judgment motion, shall be granted and judgment shall be entered in favor of defendants and against plaintiff.

A separate Order follows.


Filed: November 7, 2005                          /s/
                                                 Andre M. Davis
                                                 United States District Judge

---

[5] In his complaint plaintiff states that due to the inaccessibility of legal materials "he was not able to include my claim for speedy trial violation" on collateral review. Paper No. 1 at 7. Defendants correctly observe that plaintiff has failed to show how his lack of access to his transcript made it impossible for him (or his lawyer) to raise this or any other issue on post-conviction review.